IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GLORIA BERG** § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-2715 |
| § | |
| § | |
| **MONTGOMERY COUNTY** § | |
| **HOSPITAL DISTRICT** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, **GLORIA BERG**, "Plaintiff", files this her Original Complaint against **MONTGOMERY COUNTY HOSPITAL DISTRICT**, "Defendant", and alleges as follows:

### I.
### JURISDICTION AND THE PARTIES

A. **Federal Jurisdiction**

1. Plaintiff, **GLORIA BERG**, is an individual who is domiciled in Texas and within this judicial district.

2. Upon information and belief, Defendant, **MONTGOMERY COUNTY HOSPITAL DISTRICT** hereafter referred to as **MCHD**, is a governmental unit of the State of Texas created by the Legislature of the State of Texas in 1977. **MCHD** can be found at 1400 South Loop 336 West, Conroe, TX 77304.

3. **MCHD** has its principal place of business at 1400 South Loop 336 West, Conroe, TX 77304 and is doing business in the State of Texas in this judicial district. **MCHD** may be served with process by serving its CEO, Randy Johnson at 1400 South Loop 336 West, Conroe, TX 77304.

4. This court has original subject matter jurisdiction over this controversy pursuant to 42 U.S.C. § 12117 and 29 U.S.C. § 626(c).

5. Plaintiff has exhausted her administrative remedies with the EEOC/Texas Workforce Commission Civil Rights Division and gave Defendant notice of her claim in December 2018.

B. **Venue**

6. Plaintiff, **GLORIA BERG**, was employed by Defendant, **MCHD**, in Montgomery County, Texas.

7. Defendant is located in Texas and has facilities in Montgomery County, Texas.

8. Venue as to Defendant is proper in the Southern District, Houston Division pursuant to 28 U.S.C. § 1391 as a substantial part of the events or conditions which gave rise to this claim occurred in the Southern District of Texas.

## II.
## FACTS

9. Whenever in this pleading it is alleged that Defendant, **MCHD**, did any act or omission, such act or omission, includes Defendant's officers, agents, servants, employees and representatives and that such action was performed with full authorization of Defendant's officers, agents, servants, employees or representatives.

10. Plaintiff, **GLORIA BERG**, 57, was hired by **MCHD** in November 1997 as an EMT.

11. After more than twenty years of work for **MCHD**, Plaintiff sustained a work injury on November 20, 2017 when the driver of an ambulance she was riding in abruptly applied the brakes causing Plaintiff to strike her head on the interior of the ambulance. She began treatment through the workers compensation system in November 2017.

12. Plaintiff was off work and being treated by physicians assigned by the Texas Workers Compensation System, when in May 2018, her treating physician, requested the **MCHD** accommodate Ms. Berg's restrictions.

13. **MCHD** refused to "consider providing modifications to" Ms. Berg's "current job" including "schedule changes, part-time work and reduced

      production requirements, as well as" provision of "alternative work assignments."

14. On August 17, 2018, **MCHD** informed the Plaintiff of the termination of her employment in accordance with the **MCHD**'s neutral termination absence policy. While the policy may be written in a neutral fashion, the management of **MCHD** have applied it in a discriminatory fashion.

15. **MCHD** permitted other employees to work in light duty or modified their job duties to allow them to work while permanently and/or temporarily physically disabled. In one instance, light duty work was assigned to an employee who was neither permanently or temporarily disabled but instead had been charged with assault. All of the employees who were permitted to serve in a light duty capacity were younger than Plaintiff and many were under the age of 40 at the time they were permitted to work in a light duty capacity.

## III.
## VIOLATION OF TITLE I OF THE ADA – FAILURE TO ACCOMODATE

16. Defendant has violated 42 U.S.C. § 12112.
17. The Plaintiff was at all times material an employee within the definition of 42 U.S.C. § 12111(4).
18. Plaintiff repeats and re-alleges Paragraph 9.
19. Defendant was at all times material an employer as defined in 42 U.S.C. § 12111(5) for the reason that Defendant had 300 or more employees for 20 or more calendar weeks in 2018.
20. Plaintiff was at all times material hereto a qualified individual as that term is defined in 42 U.S.C. § 12111(8).
21. Plaintiff repeats and re-alleges Paragraphs 10 – 15.
22. The ADA requires employers to accommodate the disabilities of qualified employees.
23. The ADA requires employers to engage in an interactive process with employees who request accommodation.

24. Defendant failed to accommodate the Plaintiff's temporary disability and failed to engage in the interactive process with the Plaintiff.
25. Defendant terminated Plaintiff's employment rather than attempting to accommodate her temporary disability.
26. Defendant violated the ADA by terminating the Plaintiff's employment.
27. The reasons given by the Defendant for terminating the Plaintiff's employment are a pre-text for unlawful discrimination.
28. Defendant's conduct was intentional.
29. Plaintiff suffered damages specifically alleged in Section VII.

## IV.

## VIOLATION OF THE ADA – DISPARATE TREATMENT

30. Defendant has violated 42 U.S.C. § 12112.
31. The Plaintiff was at all times material an employee within the definition of 42 U.S.C. § 12111(4).
32. Plaintiff repeats and re-alleges Paragraph 9.
33. Defendant was at all times material an employer as defined in 42 U.S.C. § 12111(5) for the reason that Defendant had 300 or more employees for 20 or more calendar weeks in 2018.
34. Plaintiff was at all times material hereto a qualified individual as that term is defined in 42 U.S.C. § 12111(8).
35. Plaintiff repeats and re-alleges Paragraphs 10 – 15.
36. **MCHD** treated Plaintiff differently than other non-disabled employees when they terminated her employment.
37. Specifically, they allowed an employee facing an assault charge to work light duty but refused to allow the Plaintiff a light duty assignment.
38. Defendant violated the ADA by terminating the Plaintiff's employment.
39. The reasons given by the Defendant for terminating the Plaintiff's employment are a pre-text for unlawful discrimination.
40. Defendant's conduct was intentional.
41. Plaintiff suffered damages specifically alleged in Section VII.

## V.

## VIOLATION OF THE ADA – REGARDED AS PERMANENTLY DISABLED

42. Defendant has violated 42 U.S.C. § 12112.

43. The Plaintiff was at all times material an employee within the definition of 42 U.S.C. § 12111(4).

44. Plaintiff repeats and re-alleges Paragraph 9.

45. Defendant was at all times material an employer as defined in 42 U.S.C. § 12111(5) for the reason that Defendant had 15 or more employees for 20 or more calendar weeks in 2018.

46. Plaintiff was at all times material hereto a qualified individual as that term is defined in 42 U.S.C. § 12111(8).

47. Plaintiff repeats and re-alleges Paragraphs 10 – 15.

48. The ADA requires employers to accommodate the disabilities of qualified employees.

49. The ADA requires employers to engage in a dialogue with employees who request accommodation.

50. Pleading in the alternative in the event the Plaintiff is not considered disabled under the ADA, upon information and belief, Defendant regarded Plaintiff as having a permanent disability because of her cervical spine injury and the attendant treatment.

51. Defendant failed to accommodate the Plaintiff's perceived permanent disability.

52. Defendant failed to engage in a dialogue with the Plaintiff about accommodating her permanent disability

53. Defendant terminated Plaintiff's employment rather than attempting to accommodate her perceived permanent disability.

54. Defendant violated the ADA by terminating the Plaintiff's employment.

55. The reasons given by the Defendant for terminating the Plaintiff's employment are a pre-text for unlawful discrimination.

56. The Defendant treated the Plaintiff differently than similarly situated employees who were not regarded as disabled.

57. Defendant's conduct was intentional.

58. Plaintiff suffered damages specifically alleged in Section VII.

## VI.

## CAUSE OF ACTION FOR DEFENDANT'S VIOLATION OF THE ADEA

59. Defendant has violated 29 U.S.C. §623
60. The Plaintiff was at all times material an employee within the definition of 29 U.S.C. § 630(f).
61. Plaintiff was 55 at the time of her termination.
62. Plaintiff repeats and re-alleges Paragraph 8.
63. Defendant was at all times material an employer as defined in 29 U.S.C. § 630(b) for the reason that Defendant has more than 300 employees.
64. Plaintiff was at all times material a EMT employed by Defendant.
65. Plaintiff re-alleges Paragraphs 10-15.
66. Defendant discriminated against the Plaintiff by treating her differently on the basis of her age.
67. Defendant failed to treat Plaintiff, a woman over 40, the same for all employment related purposes.
68. Defendant terminated her through a discriminatory application of the "neutral termination absence policy" because she was over the age of 40.
69. Upon information and belief, Defendant did not apply the "neutral termination absence policy" to employees under the age of 40. Rather, Defendant accommodated these employees' disabilities or need for light duty employment because they were under 40 or younger than Plaintiff and were compensated less than Plaintiff because they had been with **MHD** for a shorter period of time.
70. Defendant accommodated the temporary disabilities of younger employees because Defendant wanted to retain these employees because they were paid less than Plaintiff.
71. Defendant has a pattern and practice of providing light duty and modified duty positions to employees who are younger than 40 and earn less than the Plaintiff and others similarly situated. This preferential treatment of

younger employees is employed in combination with an application of the "neutral termination absence policy" to terminate higher earning employees and those employees over the age of 40.

72. Defendant's conduct was intentional.

73. Plaintiff suffered damages as alleged in Section VII.

## VII.

## DAMAGES

74. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, expert fees, interest and costs of court, pursuant to 42 U.S.C.§ 12133, the Age Discrimination in Employment Act and 42 U.S.C. § 1981a(b).

75. As a result of Defendant's termination, Plaintiff seeks reinstatement to her position as Emergency Medical Technician pursuant to 42 U.S.C.§ 12133 the Age Discrimination in Employment Act and 42 U.S.C. 1981 a (b).

76. Plaintiff demands a jury.

## VIII.

## PRAYER

Wherefore, premises considered, **PLAINTIFF** prays for a judgment in which she is:

A. Awarded back pay, front pay, compensatory damages, punitive damages, attorneys fees, expert fees, interest and costs of court;

B. Reinstated to her position as EMT with full salary and benefits.

C. Awarded such other relief that this court deems just and proper.

Respectfully submitted,


____/s/ *Warren T. McCollum*_____
WARREN T. MCCOLLUM
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN:   (936) 634-3346
FXN:   (936) 639-5874
SBN:   24013127
TXSD Admission Number: 769985
Email: wmccollum@fenley-bate.com

ATTORNEYS FOR PLAINTIFF
**GLORIA BERG**